## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
April 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RITA H. JONES,**
**Claimant Below, Petitioner**

**vs.)** **No. 12-1342** (BOR Appeal No. 2047213)
(Claim No. 2003052220)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**TRUMBULL CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Rita H. Jones, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 18, 2012, in which the Board affirmed an April 20, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 21, 2011, decision insofar as it denied authorization of an electromyogram, Doppler study, left shoulder MRI and trigger point injections. The Office of Judges reversed the decision insofar as it denied authorization of a left knee MRI. In that Order, the Office of Judges also reversed the claims administrator's August 2, 2011, decision which denied a request for the medications Amitiza, Replax, Flector Patches, Lidoderm Patches, and Ibuprofen as well as TENS unit supplies. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jones, a flagger, was injured in the course of her employment on May 14, 2003, when she was struck by a motor vehicle. Her claim was held compensable for multiple conditions including bulging lumbar disc, injury to the lumbosacral plexus nerve root, ataxia, contusion of the left shoulder, contusion of the knee, closed fracture of the tibia, and sprain/strain of the neck. Ms. Jones has been treated by her primary care physician, Marietta Babayev, M.D., since the injury occurred. Dr. Babayev's treatment notes indicate Ms. Jones has consistently complained of pain in her lower back, sacrum, coccyx, and left knee. On April 12, 2010, Dr. Babayev requested authorization of the medications Amitiza, Replax, Flector Patches, Lidoderm Patches, and Ibuprofen as well as TENS unit supplies. She asserted that the medications were necessary to control Ms. Jones's pain and inflammation. The claims administrator denied the request on August 2, 2011. Dr. Babayev also requested an electromyogram to evaluate for a peripheral nerve injury versus cervical radiculopathy, a Doppler study to assess circulation, a left shoulder MRI to evaluate for left rotator cuff pathology, a left knee MRI, and trigger point injections. The request was denied by the claims administrator on February 21, 2011.

Ms. Jones has been evaluated by various physicians over the years. In an independent medical evaluation in 2004, Richard Bonfiglio, M.D., found that Ms. Jones suffered from pain in her tailbone, left knee, and lower back. He opined that she would benefit from a comprehensive pain management program and recommended reevaluation after further testing was conducted in order to determine if there had been further deterioration of her condition. In an independent medical evaluation on July 29, 2010, Mohammed Ranavaya, M.D., concluded that Ms. Jones had reached maximum medical improvement for her compensable injuries. It was his opinion that there were inconsistencies between the original compensable injury and the conditions that had been alleged and treated months or years later. He concluded that Ms. Jones's current medications were not necessary to treat her compensable injuries because all of her injuries were resolved by the fall of 2003. He opined that she now suffers from arthritis and the ordinary aging process and recommended no further testing or treatment in this claim.

The Office of Judges affirmed the claims administrator's February 21, 2011, decision insofar as it denied authorization of an electromyogram, Doppler study, left shoulder MRI, and trigger point injections. It reversed the decision in regards to the left knee MRI and authorized the diagnostic test. In its Order, the Office of Judges also reversed the claims administrator's August 2, 2011, decision which denied authorization of the medications Amitiza, Replax, Flector Patches, Lidoderm Patches, and Ibuprofen as well as TENS unit supplies.

In regards to the electromyogram and left shoulder MRI, the Office of Judges found that the compensable injury occurred more than eight years prior. The only compensable diagnosis related to the cervical spine was sprain/strain of the neck. Dr. Babayev's treatment notes indicate Ms. Jones underwent electrodiagnostic testing which revealed left cervical radiculopathy; however, the Office of Judges determined that the presence of this condition and the mere

submission of treatment notes failed to establish a causal connection between the condition and the compensable injury. The Office of Judges also determined that the evidence of record was insufficient to show a causal connection between the compensable injury and the need for a left shoulder MRI.

Dr. Babayev asserted that Ms. Jones required a Doppler study due to numbness and tingling in her left extremities. Dr. Babayev's mere request for a Doppler study was found to be insufficient to meet the burden of proof to establish that the numbness and tingling are causally connected to the compensable injury. Though Ms. Jones had undergone trigger point injections previously and had obtained some pain relief through them, it was determined that the fact that she had undergone the treatment before did not, in itself, establish that the injections were medically related and reasonably required for the treatment of the compensable injury.

The Office of Judges did find that the left knee MRI was medically related and reasonably required for treatment of the compensable left knee injury. Dr. Babayev's treatment notes consistently demonstrate that Ms. Jones experiences pain and swelling in her left knee. The only compensable left knee injury in this case was a contusion; however, Ms. Jones also sustained a closed fracture of her left tibia. The Office of Judges reasoned that because the tibia is connected to the knee, Ms. Jones had a compensable knee injury, and the evidence indicates she has worn a leg brace for extended periods of time, it is reasonable to believe her present symptoms are the result of her compensable injury. The Office of Judges noted that Dr. Ranavaya determined Ms. Jones was at maximum medical improvement. It clarified, however, that a finding of maximum medical improvement in itself does not preclude further treatment.

The Office of Judges determined that Ms. Jones suffers from chronic pain as the result of her compensable injury. This was supported by numerous treatment notes from Dr. Babayev which indicate she has consistently complained of and been treated for pain. Ms. Jones had a previous case before the Office of Judges in which it was determined that she experienced chronic pain. In that case, the Office of Judges also found that the medications Amitiza, Replax, Flector Patches, Lidoderm Patches, and Ibuprofen, the same medications requested in the present case, were medically related and reasonably required. The Office of Judges in this case therefore held that the claims administrator's denial of the medications was res judicata. The Office of Judges previously examined essentially the same record. The only difference between that record and the current record is the addition of Dr. Bobby Miller's psychiatric report. The Office of Judges in this case held that the addition of the report is irrelevant, because none of the requested medications are for psychiatric conditions. Additionally, Dr. Miller arrived at essentially the same conclusion as Dr. Ranavaya, whose report was included in the previous record. The denial of authorization of TENS unit supplies was not previously addressed. The Office of Judges determined that Dr. Ranavaya's report demonstrated that Ms. Jones was granted authorization for a TENS unit shortly after her injury. It was therefore unreasonable that she would then be denied supplies for that unit.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its August 18, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that Ms.

3

Jones is entitled to the requested medications and TENS unit supplies as well as a left knee MRI. The record fails to establish that the other requested diagnostic tests and trigger point injections are medically related and reasonably required to treat her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 16, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum